### CHARLES J. MACDONALD v. CORNELIUS K. GARRISON AND CHARLES MORGAN.

Although it is usual to allow a commission to examine foreign witnesses as a matter of course, where no stay is desired, yet, upon settling the interrogatories, it is the duty of the judge, if required, to allow only such as relate to the issues to be tried in the action.

The settlement of interrogatories is equivalent to passing upon questions propounded to a witness when called to testify at the trial.

In an action to recover for services rendered in the employment of the defendants, it was conceded that certain interrogatories proposed on their part to foreign witnesses, were for the purpose of showing that the plaintiff, many years previous to his employment, had been guilty of specific acts of bad conduct which were criminal, or morally wrong. *Held*, that the allowance of such interrogatories was properly refused by the judge.

The character or credibility of a witness cannot be impeached by showing particular acts of immorality or bad conduct.

APPEAL from an order made by a judge at chambers, and

Macdonald v. Garrison.

entered, refusing to settle and allow certain interrogatories proposed to be attached by the defendants to a commission to be issued for the examination, on their behalf, of foreign witnesses. The action was brought to recover the value of certain services rendered to the defendants by the plaintiff, while in their employment at Nicaragua and elsewhere, between September, 1855, and January, 1858. The defence set up was, that the defendants had paid the plaintiff in full for the services so rendered. On the application of the defendants a commission had been allowed to issue, to examine certain witnesses in Canada; but the allowance was unaccompanied by any stay of proceedings. On the presentation for settlement, to the judge at chambers, of the interrogatories on the part of the defendants proposed to be attached to the commission, it was insisted, on behalf of the plaintiff, that the subjects inquired of in no way related to the issues to be tried in the action; and thereupon the counsel for the defendants conceded that the object of the interrogatories was to inquire respecting certain alleged acts of bad conduct of the plaintiff while in Canada, many years previous to his employment, and which were criminal, or were morally wrong. The right to put these questions was placed upon the ground that their answers would have the effect of impeaching the character or credibility of the plaintiff, in case he should offer himself as a witness at the trial in his own behalf. The allowance was refused for the following reasons:

HILTON, J.—Although it is usual to grant an order for a commission upon the application of either party, where no stay is desired, almost as a matter of course, yet, upon the settlement of the interrogatories, the judge, if required, should look into the questions propounded, to see if they relate to the matters at issue, and to be tried in the action. And it is not necessary, upon such occasions, to show with absolute certainty that the subjects inquired of will be material at the trial; it will be sufficient if a reasonable ground exists for supposing that such will be the case. 2 R. S. 394, §§ 11, 14, 15.

In the present case no difference exists in respect to the object of the inquiry, or the facts proposed to be proven by the witnesses to be examined under the interrogatories now presented to me by the defendants for settlement. The conceded object is to show that, several years prior to the commencement of this 'suit, the plaintiff was guilty of certain acts of bad conduct which were criminally or morally wrong; and it is supposed that the effect of such evidence will be to impeach the credibility and character of the plaintiff, should he offer himself as a witness upon the trial.

The pleadings show that this action is brought to recover the value of certain services alleged to have been performed by the plaintiff at the request of the defendants, and there seems to be no possible aspect of the case in which the testimony sought to be taken by this commission would be admissible; and as the settlement of interrogatories appears to be equivalent to passing upon questions propounded to a witness when called upon to testify at the trial, I must, for the reasons stated, decline to permit the questions to be put, and refuse to settle or allow the interrogatories presented. Buller's Nisi Prius, 296 ; Peake's Ev. 140; 1 Greenleaf's Ev. §§ 461, 462; 4 Phillipps' Ev. (C. & H. Notes, 364) 717; *Jackson* v. *Lewis,* 13 John. 504; *Southard* v. *Rexford,* 6 Cowen, 255; *Corning* v. *Corning,* 2 Selden, 97, 104; *Newton* v. *Harris,* id. 345; *Commonwealth* v. *Moore,* 3 Pick. 194.

The application to settle defendants' interrogatories denied.

The defendants appealed from the order.

*Israel T. Williams,* for the appellants.

I. The statute gives the right—the absolute right—to take the testimony of any witness in a cause pending in this court, upon its appearing by affidavit that the witness does not reside in the state, and that the party is advised by his counsel that such witness is material, and that he believes the same. See 2 R. S. (3d ed.) p. 490, § 12.

II. Section 15 provides that the interrogatories shall be settled by a judge, &c.

III. Section 16 provides that either party may be allowed to insert "any question pertinent to the cause." 1. The object of the testimony, as it is claimed by the plaintiff, is to prove the plaintiff's bad character. This is competent, and "pertinent to the cause," for the following reasons: *a.* The plaintiff may be a witness, and it is proper in this case by way of affecting his credibility, or rendering him incompetent; *b.* He claims upon a *quantum meruit* for services rendered in a fiduciary capacity, &c., in which the value of the services would depend very much upon his reliability, character, and well established integrity.

*John T. Doyle*, for the respondent.

I. The only conceivable ground on which the plaintiff's character could be material, would be to impeach him in case he offered himself as a witness. Now, to impeach the credit and character of a witness, witnesses can only be examined as to his general character, and not as to particular facts, or his specific acts; and the reason given is, that every man may be supposed capable of supporting his general character, but it is not likely he should be prepared to answer as to particular facts without notice, and unless his general character and behavior are in issue he has no notice. This principle, in substance, has been established by many cases of great authority, and is laid down in all the elementary books on evidence without an exception. 1 Greenleaf's Ev §§ 461, 462; 2 Phillipps' Ev. 431; Peake's Ev. 140; Buller's Nisi Prius, 296.

II. The same principle has also been held by many decisions in this state, among which are *Corning* v. *Corning*, 2 Seld. 104; *Jackson* v. *Lewis*, 13 Johnson, 504; *Southard* v. *Rexford*, 6 Cow. 255; *Newton* v. *Harris*, 2 Seld. 345.

III. If the plaintiff should be produced as a witness on his own behalf, it would be undoubtedly competent, on cross-examination, to ask him whether he did or did not do or say any particular thing, but, the matter so interrogated to being collateral, the party interrogating is bound by the answer, and cannot contradict it. "The answer of a witness as to whether he has

or has not been guilty of some particular offence, must be taken, and the party against whom he has been called will not be allowed to prove the truth of the charge." *Vide* 2 Phillipps' Ev. (Cowen & Hill's Notes, part 2, note 386) 431; *People* v. *Rector*, 19 Wend. 569.

IV. It was suggested, by defendant's counsel, that to prove the plaintiff guilty of a felony ten years ago, would impair the value of his services in a position of confidence such as he filled. It is difficult to see how. The question here, is simply whether he rendered the services, acted faithfully in his employment, and what were his services worth. An inquiry into his conduct ten years ago is no more pertinent to this, than one as to his behavior whilst a boy at school.

*Per Curiam.*—For the reasons assigned by Judge HILTON, the order appealed from should be affirmed, with $10 costs, to abide event.

Ordered accordingly.